**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF CARPENTERS PENSION
TRUST FUND - DETROIT AND VICINITY,

                    Plaintiff,

vs.

                                     Case No.
                                     Hon.

                                     Previously Filed Case:
                                     Case No. 4:13-cv-12701
                                     Hon.: Terrence G. Berg

CENTURY TRUSS COMPANY, d/b/a
BERGERON CORPORATION, a Michigan
corporation, CENTURY TRUSS COMPANY OF
MICHIGAN, L.L.C., a Michigan limited liability
company, and B. GERALD BARTUSH as Personal
Representative of the Estate of RANDY M.
BERGERON, Deceased, jointly and severally,

                    Defendants.

_____/

## **COMPLAINT**

Plaintiff complains against Defendants as follows:

## **GENERAL ALLEGATIONS**

1. The Carpenters Pension Trust Fund - Detroit and Vicinity ("Plaintiff" or "the Fund") is a
   jointly-trusteed fund established pursuant to Section 302 of the Labor Management
   Relations Act ("LMRA"), 29 U.S.C. Section 186 and Section 302 and 515 of the
   Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132
   and 1145, and brings this action on behalf of its individual participants.

2. Upon information and belief, Defendant Century Truss Company ("Century Truss") was and is, at all relevant times, a Michigan corporation d/b/a Bergeron Corporation with a registered office address of 32423 Grand River Ave., Suite 200, Farmington, MI 48336.

3. Upon information and belief, Defendant Century Truss Company of Michigan L.L.C. ("Century Truss of Michigan") was and is, at all relevant times, a Michigan limited liability company with a registered office address of 17199 N. Laurel Park Dr., Suite 402, Livonia, MI 48152.

4. Upon on information and belief, Defendant Century Truss and Defendant Century Truss Company of Michigan were and are, at all relevant times, alter-ego/successor companies (collectively both companies referred to as "Defendants" or "Employers").

5. Upon on information and belief, at all relevant times, Defendant Randy M. Bergeron ("Decedent") was the owner and resident agent of Century Truss and Century Truss of Michigan.

6. Decedent died on September 2, 2013. B. Gerald Bartush was appointed as the Personal Representative of Decedent's estate. [See Case No. 2013-352666-DE]

7. Prior to Decedent's death, a complaint was filed by the Fund against Defendants on June 16, 2013, containing the same allegations as stated herein. [See Case No. 13-12701, Hon. Terrence G. Berg]

8. Due to Decedent's passing, the Fund was unable to effectuate service within 120 days after filing the Complaint, and on December 18, 2013, this matter was dismissed without prejudice for failure to prosecute.

9. Under Michigan law, Decedent's estate is liable for Decedent's actions as described in this Complaint. See MCL 700.3805(i).

10. Pursuant to MCL 700.3801, B. Gerald Bartrush published the Notice to Creditors in the Oakland County Legal News on October 10, 2013, giving Plaintiffs four months after this date to present its claim to Decedent's Estate.  (**Exhibit C**)

11. Plaintiffs filed a timely Statement and Proof of Claim on October 30, 2013. (**Exhibit D**)

12. Jurisdiction of this Court is founded on ERISA §4221(b)(1), 29 U.S.C. 1401 and ERISA §4301, 29 U.S.C. 1451(c).

**COUNT I**
**WITHDRAWAL LIABLITY**

13. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 12 as fully set forth herein.

14. The Fund is a multiemployer defined benefit pension fund primarily covering employees in the carpentry building and construction industry.

15. Defendants Century Truss and Century Truss of Michigan were Employers obligated to make contributions to the Fund pursuant to collective bargaining agreements ("CBA").

16. Defendants' obligation to contribute ceased when they laid off all of their employees pursuant to 29 U.S.C. §1383.

17. Defendants are now required to pay their share of the Fund's unfunded vested benefits, "withdrawal liability," pursuant to provisions of the Multiemployer Pension Plan Amendments Act, 29 U.S.C. §§1381-1453.

18. The Funds' actuary initially calculated Defendants' withdrawal liability based on their contribution history and determined that Defendants were liable $3,511,506.00 in withdrawal liability. (**Exhibit A**)

19. A demand letter was sent on August 25, 2011, requesting that Defendants pay either the full balance, or make installment payments. (**Exhibit B**) (Note, the actuary withdrawal liability calculation referenced in Exhibit B is attached as Exhibit A)

20. Defendants have not made any payments in response to the Fund's demand letter, and before his death Decedent affirmatively stated that Defendants would not make any such payments.

21. Defendants have not initiated arbitration pursuant to ERISA §4221(a)(1); 29 U.S.C. §1401(a)(1).

22. Because no arbitration proceedings have been initiated, ERISA §4221(b)(1); 29 U.S.C. §1401(b)(1) allows the Fund to bring an action for collection in this Honorable Court.

ACCORDINGLY, Plaintiff requests that this Honorable Court grant the following relief:

(a)     Enter a judgment in Plaintiff's favor against Defendants and Decedent's estate, for the amount of $3,511,506.00 together with interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Fund during the pendency of this action;

(b)     Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT II
## CONTROLLED GROUP LIABILITY

23. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

24. Defendants Century Truss and Century Truss of Michigan were during the relevant time periods members of the same controlled group, as defined by 29 U.S.C. §1301(b)(1) and therefore must be treated as a single employer for the purposes of withdrawal liability. .

25. Each member of the same controlled group is liable for the withdrawal liability of every other member.

26. Century Truss and Century Truss Company of Michigan were also, based on information and belief, alter ego and/or successor entities of one another during the relevant time periods, as alleged in Count IV, due to their common ownership (either actual or constructive); shared employees, materials, supplies, and customers/clients; and identical work performed.

ACCORDINGLY, Plaintiff requests that this Honorable Court grant the following relief:

(a)    Enter a judgment in Plaintiff's favor against Defendants and Decedent's estate for the amount of $3,511,506.00 together with interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Fund during the pendency of this action;

(b)    Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT III
## TRANSACTION TO EVADE LIABILITY

27. Plaintiff hereby incorporates by reference each allegation contained in Paragraphs 1 through 26 as though fully set forth herein.

28. Upon information and belief, prior to death, Decedent transferred Century Truss and Century Truss of Michigan's assets to himself or other entities for the purpose of avoiding payment of withdrawal liability.

29. ERISA §4069; 29 U.S.C. §1369 and ERISA §4212; 29 U.S.C. §1392(c) imposes liability upon persons that enter into transactions with the principle purpose of avoiding withdrawal liability.

ACCORDINGLY, Plaintiff requests that this Honorable Court grant the following relief:

5

(a)    Enter a judgment in Plaintiff's favor against Defendants and Decedent's estate for the amount of $3,511,506.00 together with interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Fund during the pendency of this action;

(b)    Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT IV
## ALTER-EGO/SUCCESSOR LIABILITY

30. Plaintiff hereby incorporates the allegations of Paragraph 1 through 29 of its complaint as though fully set forth herein.

31. Upon information and belief, during the relevant time periods Century Truss and Century Truss of Michigan were operated and owned by Decedent.

32. Upon information and belief, Century Truss and Century Truss of Michigan shared, including but not limited to, employees, materials, supplies, and customers/clients.

33. Upon information and belief, Decedent and/or his employees performed similar or identical work at Century Truss and Century Truss of Michigan.

34. Upon information and belief, Century Truss and Century Truss of Michigan are alter ego/successor entities of one another, and are therefore obligated to make contributions to the Fund pursuant to the CBA.

35. Century Truss and Century Truss of Michigan, as alter-ego/successor entities, are jointly liable for withdrawal liability due the Funds.

ACCORDINGLY, Plaintiff requests that this Honorable Court grant the following relief:

(a)    Enter a judgment in the Plaintiff's favor against Defendants and Decedent's estate for the amount of $3,511,506.00 together with interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Fund during the pendency of this action;

6

(b)    Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT V
## BREACH OF FIDUCIARY DUTIES

36. Plaintiff hereby incorporates the allegations of Paragraph 1 through 35 of its complaint as though fully set forth herein.

37. Participants of the Fund were employed by Defendants to perform work on various construction projects in the state of Michigan.

38. Unpaid withdrawal liability is treated in the same manner as delinquent contributions under 29 U.S.C. §1451; ERISA §4301.

39. The Employer's unpaid contributions owed to the Funds became plan assets at the time they became due, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

40. Decedent, as the owner and resident agent of Century Truss and Century Truss of Michigan, personally exercised authority and control over the companies' unpaid fringe benefit contributions, which constitute assets of the Funds.

41. Decedent was, at all relevant times, a plan fiduciary due to his exercise of authority and control over the Funds' assets, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

42. By directing that the Century Truss and/or Century Truss of Michigan's assets, which were owed to the Fund, be paid to other creditors instead of being deposited with the Fund, Decedent failed to discharge his fiduciary duties with respect to the plan solely in the interest of the participants and beneficiaries as required by ERISA §404(a)(1); 29 U.S.C. §1104(a)(1).

7

43. As a result, Decedent breached his fiduciary duty to the Fund and is personally liable to the Fund for such breach.

44. The Fund has been damaged in the amount of $3,511,506.00 because of Decedent's breach of fiduciary duty.

ACCORDINGLY, Plaintiff requests that this Honorable Court grant the following relief:

(a)  Enter a judgment in Plaintiff's favor against Decedent's estate for the amount of $3,511,506.00 together with interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Fund during the pendency of this action;

(b)  Any such other further or different relief as may be just and equitable under the circumstances.

NOVARA TESIJA, P.L.L.C.


By: /s/Zachary H. Learman
    Zachary H. Learman (P71005)
    Michael A. Novara (P64388)
    Attorneys for Plaintiff
    2000 Town Center, Ste. 2370
    Southfield, MI  48075-1314
    (248) 354-0380
    zhl@novaratesija.com
    man@novaratesija.com


Dated: April 16, 2014

W:\FUNDS\mrcc\DB-PENS\Litigate\Century Truss\1.13.14 complaint, Bergeron Estate.doc

# EXHIBIT 1



*Carpenters' Pension Trust Fund - Detroit & Vicinity*
*Withdrawal Liability Payment Schedule for CENTURY TRUSS COMPANY #34750*
United Actuarial Services, 2/17/2011



Valuation Interest Rate:                                            8.00%
Withdrawal Date:
Withdrew in Plan Year Beginning in:                            2009        (assumed)
Allocated UVB after de minimis:                            $3,511,506

**1. Contributions/Units**

| Plan Year Beg. | Contributions | Contr. Rate | Units | 3-yr. Avg. |
|---|---|---|---|---|
| 5/1/1999 | 291,066.00 | 0.00 | 164,465.00 | |
| 5/1/2000 | 252,333.00 | 0.00 | 155,427.00 | |
| 5/1/2001 | 258,281.00 | 0.00 | 156,994.00 | 166,094.00 |
| 5/1/2002 | 214,892.00 | 0.00 | 127,229.00 | 146,883.33 |
| 5/1/2003 | 195,533.00 | 0.00 | 113,286.00 | 132,503.67 |
| 5/1/2004 | 190,842.00 | 0.00 | 109,675.00 | 116,730.67 |
| 5/1/2005 | 154,493.00 | 0.00 | 88,785.59 | 103,916.20 |
| 5/1/2006 | 59,594.00 | 0.00 | 54,096.00 | 77,518.86 |
| 5/1/2007 | 56,675.00 | 0.00 | 36,907.00 | 53,262.86 |
| 5/1/2008 | 41,258.00 | 0.00 | 22,189.00 | 31,067.33 |
| 5/1/2009 | | 0.00 | 0.00 | |

**2. Annual Payment Amount**

1 Maximum 3-yr. average units during
  10 years preceding withdrawal                              166,094  units

2 Maximum contribution rate during
  10 years ending with withdrawal                    $        1.88

3 Annual payment amount
  = (1) x (2)                                        $      312,257

**3. Calculated Payment Schedule**

Assumes 8.00% interest (based on the valuation interest rate) with no interest charged until the
first scheduled payment is due. The first payment will be due according to the schedule
established by the Board of Trustees but cannot be later than 60 days following demand.

| Year | Balance | Annual Payment of: Principal | Interest | Total Annual Payment |
|---|---|---|---|---|
| 1 | $ 3,511,506 | $ 56,317 | $ 255,940 | $ 312,257 |
| 2 | $ 3,455,189 | $ 60,822 | $ 251,435 | $ 312,257 |
| 3 | $ 3,394,367 | $ 65,688 | $ 246,569 | $ 312,257 |
| 4 | $ 3,328,679 | $ 70,943 | $ 241,314 | $ 312,257 |
| 5 | $ 3,257,736 | $ 76,619 | $ 235,638 | $ 312,257 |
| 6 | $ 3,181,117 | $ 82,748 | $ 229,509 | $ 312,257 |
| 7 | $ 3,098,369 | $ 89,368 | $ 222,889 | $ 312,257 |
| 8 | $ 3,009,001 | $ 96,517 | $ 215,740 | $ 312,257 |
| 9 | $ 2,912,484 | $ 104,239 | $ 208,018 | $ 312,257 |
| 10 | $ 2,808,245 | $ 112,578 | $ 199,679 | $ 312,257 |
| 11 | $ 2,695,667 | $ 121,584 | $ 190,673 | $ 312,257 |
| 12 | $ 2,574,083 | $ 131,311 | $ 180,946 | $ 312,257 |
| 13 | $ 2,442,772 | $ 141,816 | $ 170,441 | $ 312,257 |
| 14 | $ 2,300,956 | $ 153,161 | $ 159,096 | $ 312,257 |
| 15 | $ 2,147,795 | $ 165,414 | $ 146,843 | $ 312,257 |
| 16 | $ 1,982,381 | $ 178,647 | $ 133,610 | $ 312,257 |
| 17 | $ 1,803,734 | $ 192,939 | $ 119,318 | $ 312,257 |
| 18 | $ 1,610,795 | $ 208,374 | $ 103,883 | $ 312,257 |
| 19 | $ 1,402,421 | $ 225,044 | $ 87,213 | $ 312,257 |
| 20 | $ 1,177,377 | $ 243,047 | $ 69,210 | $ 312,257 |
| | $ | $ 2,577,176 | $ 3,667,964 | $ 6,245,140 |

**4. Actual Payment Schedule**

80 quarterly payments of:        $      78,064.25
1 quarterly payment of:          $

## Carpenters Pension Trust Fund - Detroit and Vicinity
### Allocation of Unfunded Vested Benefits

Employer: CENTURY TRUSS COMPANY

Employer Number: 34750
Assumes Withdrawal in PYB: May 1, 2009

| April 30, | Change in UVB | Reallocated UVB | Total Unamortized | Employer Contributions | Rolling 5-Year Sum | Aggregate Rolling 5 | Allocated UVB |
|---|---|---|---|---|---|---|---|
| 1999 | 0 | 0 | 0 | 254,277 | 254,277 | 37,676,812 | 0 |
| 2000 | 0 | 0 | 0 | 291,066 | 545,343 | 83,471,453 | 0 |
| 2001 | 0 | 0 | | 252,333 | 797,676 | 134,834,634 | 0 |
| 2002 | 0 | 0 | 0 | 258,281 | 1,055,957 | 182,636,655 | 0 |
| 2003 | 88,178,058 | 0 | 61,724,641 | 214,992 | 1,270,949 | 227,318,702 | 345,105 |
| 2004 | 56,655,031 | 798,142 | 43,049,973 | 195,533 | 1,212,205 | 229,625,545 | 227,263 |
| 2005 | 151,243,696 | 1,292,895 | 121,964,628 | 190,842 | 1,111,981 | 225,260,953 | 602,068 |
| 2006 | 123,901,275 | 36,792,758 | 134,750,290 | 154,493 | 1,014,141 | 199,405,557 | 685,316 |
| 2007 | 188,533,970 | 7,421,997 | 175,989,270 | 59,594 | 815,454 | 199,948,645 | 717,740 |
| 2008 | 83,923,272 | 31,139,190 | 107,752,379 | 65,675 | 666,137 | 218,743,273 | 328,137 |
| 2009 | 272,310,529 | 16,441,760 | 287,930,201 | 41,298 | 511,902 | 243,270,701 | 605,877 |

Total Allocated UVB: $ 3,511,506

Less De Minimis Adj: $ 0

Final Allocation: $ 3,511,506

# EXHIBIT 2



NOVARA TESIJA, PLLC
ATTORNEYS AND COUNSELORS AT LAW

John I. Tesija*
Michael A. Novara**
Edward J. Pasternak
Brett P. Huebner
Bryan M. Beckerman
Paul O. Catenacci
Benjamin A. Schepis

*Also admitted in Ohio
**Also admitted in Nevada
and Washington, DC

Of Counsel
Gary W. Novara, PLLC
David A. Priehs, PC

August 25, 2011

VIA CERTIFIED MAIL
ATTN: RANDY BERGERON
CENTURY TRUSS COMPANY
7600 KENSINGTON COURT
BRIGHTON, MI 48116

VIA CERTIFIED MAIL
BERGERON CORPORATION
32423 GRAND RIVER AVE, SUITE 200
FARMINGTON, MI 48336

Re:     *Carpenters Pension Trust Fund – Detroit and Vicinity*
         *-Withdrawal Liability Assessment*

Dear Mr. Bergeron:

We are legal counsel to the Carpenters Pension Trust Fund – Detroit & Vicinity ("the Fund"), and are contacting you regarding Century Truss's participation in the Fund. Based upon information available to the Fund, Century Truss terminated its participation therein, within the meaning of ERISA § 4203(a)(2) on or about October 29, 2010. Consequently, withdrawal liability has been assessed against Century Truss in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and subsequent amendments (collectively referred to as the "Act"), we hereby make demand for payment of withdrawal liability in accordance with the withdrawal liability assessment calculated by the Fund's actuary.

Assuming that withdrawal occurred during the Plan Year beginning May 1, 2009, and based on the presumptive method of calculation, which is more fully described in 29 U.S.C. § 1391, ERISA § 4211, the Fund's actuary has determined that Century Truss's withdrawal liability is $3,511,506 if paid in a lump-sum. A copy of the actuary's withdrawal liability calculation is enclosed for your reference. This liability is owed by Century Truss or by any other person or entity that is considered an "Employer" under the Act, including affiliates, subsidiaries, or any other entities under the common control of Century Truss, and, in some cases, shareholders of Century Truss. You may be entitled to make installment payments in accordance with a schedule prepared in accordance with statutory rules, if a viable entity within Century Truss's controlled group intends to make payments.

If you have any questions regarding this matter, please advise.

Best regards,

NOVARA TESIJA, P.L.L.C.

Brett Huebner

Brett Huebner

BH/ml
Encl
W:\FUNDS\MRCC\DB-PENS\WITHDRAWAL LIABILITY\CENTURY TRUSS COMPANY\ASSESSMENT LETTER.DOC

2000 Town Center | Suite 2370 | Southfield | Michigan 48075
T 248.354.0380   F 248.354.0393

# EXHIBIT 3

**RANDY M. BERGERON**

FILE NO. 2013-352666-DE NOTICE TO CREDITORS
Decedent's Estate STATE OF MICHIGAN. Probate Court,
County of Oakland - Estate of RANDY M. BERGERON aka
RANDY MICHAEL BERGERON, Deceased. Date of birth:
March 11, 1952. TO ALL CREDITORS: * NOTICE TO
CREDITORS: The decedent, Randy M. Bergeron aka Randy
Michael Bergeron, who lived at 111 N. Main Street, Royal
Oak, Michigan, died September 2, 2013. Creditors of the
decedent are notified that all claims against the estate will be
forever barred unless presented to B. Gerald Bartush, named
personal representative or proposed personal representative,
or to both the probate court at 1200 N. Telegraph, Pontiac,
MI, and the named/proposed personal representative within 4
months after the date of publication of this notice. Date:
September 30, 2013 William C. Hanson, Atty.   P26865 1750
S. Telegraph Road, Suite 301 Bloomfield Hills, MI 48302 248-
253-1100 B. Gerald Bartush Personal Representative 1750
S. Telegraph Road, Suite 301 Bloomfield Hills, MI 48302 248-
253-1100 (10-10)

**AFFIDAVIT OF PUBLICATION**

(Affidavit of Publisher)

STATE OF MICHIGAN,
                    ss.
COUNTY OF  OAKLAND

The undersigned, an employee of the publisher of Oakland
County Legal News, having knowledge of the facts, being duly
sworn deposes and says that a notice, a true copy of which is
annexed hereto, was published in  Oakland County Legal News
a newspaper circulated in Oakland County on October 10, 2013
A.D.

Cindy C. Lawler

Subscribed and sworn before me on this 10th day of October
2013 A.D.

Christina Jacobs

Notary Public Macomb County, Michigan. My commission
expires: February 24, 2020 Acting in Oakland County, Michigan.

FILED:
Film

20

Deputy Register of Probate

Attorney:        William C Hanson (Oakland) - William C Hanson (Oakland)
AttorneyFile#:   2013-352666-DE
Notice#:         1161951

DE

Received for Filing Oakland County Probate Court 2014 MAR 03 PM 03:17

# EXHIBIT 4

Approved, SCAO                                                                      JIS CODE:  SPC

| STATE OF MICHIGAN PROBATE COURT COUNTY OF Oakland | STATEMENT AND PROOF OF CLAIM | FILE NO. 2013-352-666-DE |
| --- | --- | --- |

Estate of  Randy M. Bergeron

I, Trustees of the Carpenters Pension Trust Fund - Detroit & Vicinity   of  700 Tower Drive, Ste. 300 Troy, Michigan
Creditor's name                                                                              Address
48098
_____ submit the following claim against the estate for the sum set forth.*

| DESCRIPTION OF CLAIM | AMOUNT |
| --- | --- |
| ERISA Withdrawal Liability | 4,749,024.00 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

There is now due on the claim, above all legal setoffs, the sum of: | 4,749,024.00

☐ Notice to interested persons: This is a claim by a personal representative for an obligation that arose before the death of the decedent.  A hearing will be held to determine whether to allow the claim.  You may object to the claim before or at the hearing.

I declare under the penalties of perjury that this statement and proof of claim has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

_Benj. A. Schepis_                                     10/30/2013
Attorney signature                                        Date
Benjamin A. Schepis                    P74258       _Michael J. Marker_
Name (type or print)                   Bar no.        Claimant signature
2000 Town Center, Ste. 2370                           3800 Woodward Ave., Ste. 1200
Address                                               Address
Southfield, Michigan  48075        (248) 354-0380     Detroit, Michigan  48201        (313) 832-1595
City, state, zip                   Telephone no.      City, state, zip                Telephone no.

*  1. Describe nature of claim or attach a statement.  Attach copy of receipt or other evidence of payment if submitted by assignee.
   2. Claims must be presented either personally or by mail to the fiduciary on or before the last day for presentment of claims.
      This claim may also be filed with the probate court (see reverse side for proof of service).

(SEE SECOND PAGE)

USE NOTE: If this form is being filed in the circuit court family division, please enter the court name and county in the upper left-hand corner of the form.

Do not write below this line - For court use only

PC 579  (9/10)  STATEMENT AND PROOF OF CLAIM                    MCL 700.3804, MCL 700.5429, MCL 700.7609, MCR 5.208(C)

**PROOF OF SERVICE**

I served upon __William Hanson_____ ,
                Name

fiduciary, a copy of this statement and proof of claim on ___October 31, 2013_____ by __First Class Mail and__
                                                            Date                                State method and address of service

__Certified Mail/Return Receipt Requested at 1750 S. Telegraph Road, Ste. 301, Bloomfield__
__Hills, MI  48302_____.

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best
of my information, knowledge, and belief.

__10/31/13_____
Date

Signature _Laura Yanke_____

**ACKNOWLEDGMENT OF SERVICE**

Service of the attached statement and proof of claim is acknowledged.

_____
Date

Signature _____